JOHN H. R. MEYERS, petitioner-appellant,

*v.*

LOUISE D. MEYERS, defendant-respondent.

[Submitted February term, 1932. Decided May 16th, 1932.]

*Mr. William Tyacke,* for the appellant.

*Mr. Richard J. Fitz Maurice,* for the respondent.

PER CURIAM.

This is an action for divorce commenced by the husband, appellant, who in his petition charged desertion upon the part of his wife as of the month of August, 1922. The wife, respondent, answered, denying the desertion charged against her, and by a counter-claim set up a cause of action against her husband charging him with having deserted her on August 26th, 1922.

The advisory master who heard the matter advised a decree dismissing the husband's petition for the reason that there was no corroboration of the desertion charged against the wife and further advised a decree in favor of the wife under her counter-claim.

From such decree the husband appeals.

The questions involved are factual.

The wife entered a hospital July 11th, 1922, and was operated upon. She says the operation consisted in the com-

plete removal of one of her ovaries and one-half of the other, and that she remained in the hospital for two weeks, her husband taking her from there to her mother's home, where he visited her every night; that about three weeks after she left the hospital he forced her to have sexual intercourse with him; that because of the character of the operation that had been performed upon her at the hospital and the fact that she had not fully and completely recovered therefrom, this act upon the part of her husband was extremely harmful to her; that she made this act of her husband known to her physician and to her mother, who on August 26th, 1922, when respondent's husband was at her home said to respondent's father, in the presence of appellant, "our son-in-law says our daughter is a fakir" and respondent's father then called appellant a liar, to which the latter made no reply but immediately left the house and from that time down to the date of the hearing made no efforts or advances of any kind to bring about a reconciliation or have his wife return to him.

The proofs satisfy us that the advisory master was justified in his findings and that the decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.